IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 1196-02





LAURIN STUART LANEY, Appellant



v.



THE STATE OF TEXAS





ON DISCRETIONARY REVIEW


FROM THE FOURTEENTH COURT OF APPEALS


HARRIS COUNTY






 Womack, J., filed a concurring opinion.



 I join the Court's opinion with the understanding that it is limited to the Fourth
Amendment, as it applies to our state's courts through the Due Process Clause of the
Fourteenth Amendment of the United States Constitution -- specifically to the "warrant
requirement" that the Supreme Court has found the Fourth Amendment to embody. The
exceptions to that requirement for "emergencies," "exigencies," and "community caretaking" that the Court's opinion parses are part of the "jurisprudential mare's nest" in Fourth
Amendment law that the Supreme Court has created by finding a general requirement of a
warrant to which there are exceptions. (1) This concept has nothing to do with article I, section
9 of the Texas Constitution which does not embody a warrant requirement, as we held
several years ago. (2) "It [was] our holding that Article I, Section 9 of the Texas Constitution
contains no requirement that a seizure or search be authorized by a warrant, and that a
seizure or search that is otherwise reasonable will not be found to be in violation of that
section because it was not authorized by a warrant." (3) Our decision specifically applied to
the concept of a community-caretaking exception under article I, section 9. (4)

 In the courts below the appellant cited both federal and state constitutions, but he did
not contend that they impose different requirements as to warrants, and the court of appeals
did not consider whether they do. Therefore there is no occasion for us to do so.


En banc.

Filed October 8, 2003

Publish.
1. See Hulit v. State, 982 S.W.2d 431, 436 (Tex. Cr. App. 1998).
2. See id.
3. Id., at 436.
4. Id., at 438 ("We hold that Article I, Section 9 of the Texas Constitution was not violated by
[the police officers'] actions. We do this, not by finding that there is a community care-taking exception
to a warrant requirement, but by asking whether, from the totality of the circumstances, after
considering the public and private interests that are at stake, their action was an unreasonable seizure").